UNITED STATES OF AMERICA
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 10-23920-CIV-KING

MICHAEL ARMANDO CERDA YEPEZ,

    Plaintiff,

v.

REGENT SEVEN SEAS CRUISES A/K/A:
SEVEN SEAS CRUISES S. DE R.L., LLC, and
CLASSIC CRUISES HOLDINGS S. DE R.L., LLC, and
RADISSON SEVEN SEAS FRANCE, and
PRESTIGE CRUISE SERVICES LLC;

XYZ SHIP OWNER,
V.SHIPS LEISURE, INC.,
V.SHIPS LEISURE,
V.SHIPS USA LLC,
and XYZ EMPLOYER,

    Defendants.

_____/

## ORDER DENYING MOTION FOR LEAVE TO CONDUCT JURISDICTIONAL DISCOVERY AND FOR STAY

**THIS CAUSE** comes before the Court upon Plaintiff's Motion to Stay Ruling on Defendant V.Ships Leisure, Inc.'s Motion to Dismiss, Pending Completion of Limited Jurisdictional Discovery (DE #23), filed July 11, 2011. The Court is fully briefed in the

matter.[1]

## I. Background

This is a maritime action for personal injury damages incurred by Plaintiff while working as an employee on Defendants' ship. On June 22, 2011, Defendant V.Ships Leisure, Inc. filed a Motion to Dismiss Complaint (DE #20). V.Ships Leisure asserts the case against it should be dismissed because this Court lacks personal jurisdiction over V.Ships Leisure, and V.Ships Leisure was never properly served with process. Plaintiff Yepez moves the Court to stay ruling on the Motion to Dismiss, on the ground that Plaintiff needs to conduct jurisdictional discovery to adequately respond to the arguments raised in Defendant's Motion.

## II. Discussion

"Federal courts have the power to order, at their discretion, the discovery of facts necessary to ascertain their competency to entertain the merits." *Eaton v. Dorchester Dev., Inc.*, 692 F.2d 727, 729 (11th Cir. 1982). Plaintiffs thus have a "qualified right" to jurisdictional discovery "if the jurisdictional question is genuinely in dispute and the court cannot resolve the issue in the early stages of the litigation." *Id.* at 729, n.7. However, the failure of a plaintiff to investigate jurisdictional issues prior to filing suit does not give rise to a genuine jurisdictional dispute. The Eleventh Circuit has explained its jurisprudence on jurisdictional discovery as follows:

---

[1]Defendant V.Ships Leisure, Inc. filed a Response to Plaintiff's Motion (DE #24) on July 28, 2011.

>To illustrate, we begin with the paradigmatic case of a plaintiff filing an original diversity action in federal court. . . .The party who invokes the jurisdiction of the court has the burden of establishing jurisdiction. Rule 8(a) requires the plaintiff to set forth in the complaint the factual support for jurisdiction. Fed.R.Civ.P. 8(a). The plaintiff's factual allegations are subject to Rule 11's command—under pain of sanctions—that the "allegations and other factual contentions have, [or are likely to have following discovery,] evidentiary support[.]" Fed.R.Civ. P. 11(b). By filing the action in federal court, the plaintiff is making a representation that the action belongs before the court. *Red Cab*, 303 U.S. at 288, 58 S.Ct. at 590–91. Because counsel is subject to Rule 11 sanctions, we assume that this representation is made in good faith and that the plaintiff has factual bases for believing that the federal court has jurisdiction to hear its claims.
>
>Despite the plaintiff's representation and our assumption of good faith, if a material element required for either the substantive claim or the court's subject matter jurisdiction is missing from the complaint, the defendant may move to dismiss. If the plaintiff's counsel concedes that the plaintiff lacks the evidence necessary to cure the deficiency, the court may dismiss the action for failure to state a claim or want of jurisdiction. In either case, without further discovery, counsel cannot in good faith amend the complaint to provide the missing element. In our hypothetical diversity case, should the plaintiff request leave to conduct discovery to support its assertion that the case is properly before the court, the court would deny such a request. In such a situation, **the court would not reserve ruling on the motion to dismiss in order to allow the plaintiff to look for what the plaintiff should have had—but did not—before coming through the courthouse doors, even though the court would have the inherent power to do so.** In deciding if dismissal is proper, a court would look only to the facts as alleged in the complaint and would not waste limited judicial resources by directing its inquiry elsewhere.

*Lowery v. Alabama Power Co.*, 483 F.3d 1184, 1216 (11th Cir. 2007) (footnotes omitted) (emphasis added). The hypothetical discussed in *Lowery* focused on subject matter jurisdiction in diversity cases. However, the reasoning employed by the Eleventh Circuit is equally applicable to personal jurisdiction issues. This is particularly true because questions

3

of federal diversity jurisdiction raises many of the same types of factual issues relating to citizenship as questions of personal jurisdiction.

In the instant case, Defendant V.Ships Leisure, Inc. is a Liberian corporation. Defendant's Motion to Dismiss argues that this Court does not have personal jurisdiction over it because: it is not registered to do business in Florida, it does not do business in Florida, it does not have any registered agents for service of process in the United States, it is not owned or controlled by citizens of Florida, and it has not committed a tort or breached a contract in Florida. (DE #20 ¶¶ 3–7). Plaintiff claims it cannot respond to these arguments without jurisdictional discovery. However, the Eleventh Circuit explained in *Lowery* that these are the types of facts plaintiffs are expected to investigate prior to filing suit. *See, e.g., Lowery*, 483 F.3d at 1216. Because the typical plaintiff is expected to be able to allege these facts in good faith without the benefit of discovery, the Court finds no reason to delay the instant litigation by permitting jurisdictional discovery.

### III. Conclusion

After a careful review of the record and the Court being otherwise fully advised, it is hereby

**ORDERED, ADJUDGED and DECREED** that the Plaintiff Michael Armando Cerda Yepez's Motion to Stay Ruling on Defendant V.Ship's Leisure, Inc.'s Motion to Dismiss Pending Completion of Limited Jurisdictional Discovery **(DE #23)** is **DENIED.** Plaintiff **SHALL RESPOND** to Defendant V.Ship's Leisure, Inc.'s Motion to Dismiss

Complaint **(DE #20)** within **five (5) days** of the date of this Order.

**DONE and ORDERED** in chambers at the James Lawrence King Federal Justice Building and United States Courthouse, Miami, Florida, this 5th day of August, 2011.

```
                    /s/ James Lawrence King
                    _____
                    JAMES LAWRENCE KING
                    UNITED STATES DISTRICT JUDGE
                    SOUTHERN DISTRICT OF FLORIDA
```

cc:   ***Counsel for Plaintiff***

**Carlos Felipe Llinas Negret**
Law Offices of Lipcon, Margulies & Alsina P.A.
2 South Biscayne Boulevard
One Biscayne Tower, Suite 1776
Miami, FL 33131
(305) 373 3016
Fax: (305) 373 6204
Email: cllinas@lipcon.com


cc:   ***Counsel for Defendant***

**William F. Clair**
William F. Clair, P.A.
1221 Brickell Avenue, Suite 900
Miami, FL 33131
917-868-6473
Fax: 954-522-2355
Email: wclair@hillbetts.com

**Michael T. Moore**
Moore & Company
355 Alhambra Circle
Suite 1100
Coral Gables, FL 33134
786-221-0600

Fax: 786-221-0601
Email: mmoore@moore-and-co.net